PER CURIAM.
Mattie H. Farmer, Judge of the Juvenile Court of Orange County, proffers this petition requesting that she be retired pursuant to Section 17(2), Article V of the Constitution of Florida, F.S.A., and rules of this court adopted pursuant to said Section 17 (2), which are entitled Rules of Procedure of the Commission on Judicial Retirement, adopted December 14, 1959.
The petitioner avers that petitioner is a judge as defined by Section 12, and Section 17(2), Article V of the Constitution, and the rules promulgated by this court pursuant to said Section 17(2), Article V of the Constitution. The petition further avers-that petitioner is disabled in the manner and to the extent contemplated by Section 17(2) of the Constitution, which disability is attested by the sworn certificates of three physicians as required by Section 10 of the Rules of Procedure of the Commission on Judicial Retirement approved by this court December 14, 1959. The certificate of each of said physicians avers that he has practiced medicine in the State of Florida for ten years or longer; “that he has examined petitioner and that she is unable to discharge the duties of her office with efficiency by reason of continued physical infirmity and that such disability is permanent.”
The petitioner requests that the commission appointed by this court pursuant to-Section 10 of the rules applicable to voluntary retirement consider and dispose of her petition for retirement without formal hearing.
The point for determination is whether or not petitioner is within the class of judges contemplated by Section 17(2), Article V of the Constitution, whose petition for voluntary retirement may be considered and determined by the commission-appointed pursuant to Section 10 of the rules applicable to voluntary retirement.
 We think this question requires a negative answer. Section 17(2), Article-V of the Constitution, has to do with the retirement of judges for disability and the language, “any justice or judge” used therein contemplates justices of the supreme court, judges of the district courts of appeal and circuit judges.
Several considerations fortify and conclude this pronouncement. First, from the “Speaker’s Brochure — a Study Guide to Proposed Constitutional Amendment No. 1 [being the constitutional provision relating to retirement for disability], Florida Judicial Council — July 1956,” the following appears;
*603 “Question: How does the state’s retirement plan for judges compare with that for other state employees?
“Answer: Generally, the retirement plans are similar. However, because judges usually assume their offices at a relatively late age, their retirement plan is set up for a relatively short period of service. Incidentally, the retirement plan applies only to circuit judges and justices of the supreme court (and now to district judges).”
The second consideration is that petitioner is and has been Judge of the Juvenile Court of Orange County continuously since 1942. She is a contributor to the county officers and employees retirement fund as provided by Chapter 122, Florida Statutes 1959, F.S.A. In said act the legislature defined a complete system for the retirement of county officers and employees. Every county officer and employee, including petitioner, is required to be a member of the system; he or she is required to contribute six percent of his or her compensation to support the fund wherein requirements for retirement are specified. It does not cover justices of the supreme court, judges of the district courts of appeal, or circuit judges, who are covered by a different retirement system. It defines how beneficiaries of the system may participate therein. In other words, it is designed to accommodate every officer and employee in the county system and carries ample safeguards to protect contributions to it. It is the only means provided under the law for retirement of county officers and employees. We upheld the validity of this act in State ex rel. Watson v. Lee, 1946, 157 Fla. 62, 24 So.2d 798, 163 A.L.R. 862. See also State ex rel. Watson v. Lee, 1946, 158 Fla. 148, 28 So.2d 104.
What we said in the preceding paragraph is fortified by § 39.16(7), Florida Statutes 1959, F.S.A., having to do with the creation of juvenile courts and defining their jurisdiction and powers. It provides that “The provisions of the state or county officers and employees retirement system, whichever may be applicable, shall continue to apply to the counselor, assistant counselors, and other employees of the juvenile court, as well as the judge thereof.” We can think of no more appropriate language that the legislature could have used to place petitioner and her staff under the County Officers and Employees Retirement Act, Chapter 122, Florida Statutes 1959, F.S.A.
The third consideration supporting our premise is embraced in Chapter 123, Florida Statutes 1959, F.S.A., wherein the legislature defined a complete system for the retirement of justices of the supreme court, judges of the district courts of appeal and circuit judges. Section 123.18 of this act provides:
“The amounts contributed under §§ 25.122, 38.17 and 123.02 by any justice or judge accepting the retirement compensation provided in § 123.17(2) shall be transferred to a special fund in the state treasury, which is hereby established and designated as ‘the judicial disability retirement fund.’ ”
Each of said sections had to do with contributions of supreme court justices and circuit judges to the “judicial disability retirement fund.”
Consequently Chapter 123 brought circuit judges covered by other retirement systems under it [Chapter 123]; it provided the manner in which supreme court justices, judges of the district courts of appeal and circuit judges should be covered by the system so defined, required said judges to contribute to the judicial disability retirement fund, provided means for safeguarding contributions to said fund, set up qualifications for retirement and the manner in which funds should be paid out of said fund for this purpose. There can be no doubt whatever that Chapter 123 provided only for the retirement of justices of the supreme court, judges of district courts of appeal and circuit judges. More than fifty times they are *604 enumerated in the act as beneficiaries and it does not by word or inference include any other judges as beneficiaries of the system. Neither is there a word in Chapter 122 that can be construed as authorizing retirement for other than county officers and employees. It has. been suggested on good authority that the reason for placing supreme court justices, judges of the district courts of appeal and circuit judges in a different category for retirement from county officers and employees was that the former were subject to impeachment while the latter were subject to removal by the governor for causes defined in the Constitution.
In State ex rel. Watson v. Lee, 1946, 158 Fla. 148, 28 So.2d 104, we had before us and upheld Chapter 121, Florida Statutes, F.S.A., providing for the retirement of state officers and employees, but we do not discuss it because it is not pertinent to the point in question here. It is appropriate to point out that the legislative history of Chapters 121, 122 and 123, as well as others, support this reasoning, but we deem it unnecessary to discuss them here.
It is accordingly our opinion that the three considerations above discussed show conclusively that by Chapter 122, Florida Statutes, F.S.A., the legislature provided a separate and complete system for retirement of county officers and employees; that by Chapter 123, Florida Statutes, F.S.A., the legislature provided a system for retirement of justices of the supreme court, judges of the district courts of appeal and circuit judges; that Section 17(2) has to do solely with retirement for disability of supreme court justices, district court of appeal judges and circuit judges. Petitioner is not in this class but is clearly covered by the county officers and employees retirement act. The county officers retirement act was a legislative determination which this court has upheld and is without power to change. Under the circumstances so presented, there is no theory under which petitioner could be construed as being within the class contemplated by Section 17(2), Article V of the Constitution.
The petition is accordingly denied but without prejudice to petitioner’s right to seek relief under Chapter 122, better known as the County Officers and Employees Retirement Act.
THOMAS, C. J., and TERRELL, HOB-SON and ROBERTS, JJ., concur.
DREW, THORNAL and O’CONNELL, JJ., dissent.